**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4278-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TERRANCE MITCHELL,

     Defendant-Appellant.

_____

Submitted February 28, 2022 – Decided March 10, 2022

Before Judges Rose and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 93-03-1244.

Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Terrance Mitchell appeals from an October 8, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because the petition was untimely filed and otherwise lacked merit.

Following a jury trial in 1993, defendant was convicted of multiple crimes charged in an Essex County indictment, including murder, felony murder, robbery, and weapons offenses for bludgeoning to death a stranger in her car near defendant's East Orange home. The State's proofs at trial included defendant's post-arrest statement to police, explaining the victim had approached him, looking to purchase drugs. Defendant detailed the manner in which he killed the victim, including her fruitless struggle to escape his clutches. He also confessed to his girlfriend and her stepbrother, who both testified on behalf of the State at trial. Defendant was eighteen years old at the time of the incident.

Defendant was sentenced in December 1993 to an aggregate term of life imprisonment with a forty-year parole disqualifier. We affirmed defendant's convictions and sentence, State v. Mitchell, No. A-1052-94 (App. Div. June 5, 1997), and the Supreme Court denied certification, No. 44,371 (Sept. 8, 1997).

Nearly twenty-five years after the judgment of conviction (JOC) was entered, defendant filed a petition for PCR, asserting trial counsel was ineffective for failing to: (1) permit defendant to testify on his own behalf at the pretrial Miranda[1] hearing; and (2) secure a plea agreement to an aggregated thirty-year prison term with a fifteen-year parole disqualifier. Acknowledging his petition was untimely, defendant generally claimed "various" mental health issues and loss of legal documents while incarcerated excused his two-decade delay in filing for PCR. Thereafter assigned counsel filed a supplemental submission, expounding upon defendant's assertions. No documents or transcripts were appended to defendant's petition.

Following argument, Judge James W. Donohue reserved decision. Shortly thereafter on October 8, 2019, the judge issued a cogent written opinion, denying PCR as time barred and otherwise lacking in merit. Judge Donohue squarely addressed the issues raised in view of the requirements set forth in Rule 3:22-12(a)(1)(A) (prohibiting the filing of a PCR petition five years after entry of the JOC unless the defendant demonstrates "excusable neglect" and "a reasonable

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-4278-19

probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice").

Because defendant failed to "provide any documentation in support of his assertions" regarding his "mental health concerns and location transfers," the judge found defendant failed to establish excusable neglect for the lengthy delay in filing for PCR. The judge further found "the State would be severely prejudiced by being required to recall witnesses to testify as to matters that took place over two decades ago." See State v. Mitchell, 126 N.J. 565, 580 (1992) ("The court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits."); see also State v. Afanador, 151 N.J. 41, 52 (1997).

Notwithstanding the time bar, the PCR judge also denied defendant's petition on the merits under the framework established in Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds to demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) that the deficiency prejudiced defendant's right to a fair trial); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

4

Citing controlling precedent, Judge Donohue first rejected defendant's contention that trial counsel was ineffective for failing to call defendant as a witness at the Miranda hearing. Referencing State v. Coruzzi, 189 N.J. Super. 273, 323 (App. Div. 1983), the judge found "whether [defendant] should have testified at the suppression hearing," was a "deferential matter[] of trial strategy, well within the province of trial counsel." The judge was persuaded defendant's "uncorroborated testimony that he had used illicit drugs prior to giving his statement would have been unlikely to persuade the trial court to suppress."

The PCR judge also found unavailing defendant's argument that trial counsel "failed to secure a plea agreement" to reduce his exposure at trial. The judge found compelling the State's contention that defendant failed to support his claims with "a transcript, written plea offer, or affidavit of trial counsel."

Because defendant failed to establish a prima facie case on either claim, the PCR judge concluded defendant was not entitled to an evidentiary hearing. See e.g., State v. Jones, 219 N.J. 298, 310-11 (2014); State v. Preciose, 129 N.J. 451, 462 (1992). This appeal followed.

On appeal, defendant raises the following points for our consideration:

POINT I

THIS COURT SHOULD REVERSE THE [PCR] COURT'S DECISION TO HOLD THE

5

DEFENDANT'S PETITION FOR [PCR] WAS TIME BARRED.

POINT II

THIS COURT SHOULD REVERSE THE [PCR] COURT'S DECISION THAT THE DEFENDANT'S TRIAL COUNSEL WAS NOT INEFFECTIVE WHEN HE FAILED TO CALL THE DEFENDANT AS A WITNESS AT HIS SUPPRESSION HEARING.

POINT III

THIS COURT SHOULD REVERSE THE [PCR] COURT'S DECISION TO HOLD THE DEFENDANT'S TRIAL ATTORNEY WAS NOT INEFFECTIVE DURING PRE-TRIAL PROCEEDINGS.

We have considered defendant's arguments in view of the applicable law and the record, and conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons articulated by Judge Donohue in his well-reasoned decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6                                                        A-4278-19